**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

KAREEM J. HOWELL,

     Plaintiff,

     v.

A. KONRAD, et al.,

     Defendants.

No.  2:20-CV-2389-JAM-DMC-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Defendants' motion for terminating sanctions or revocation of Plaintiff's in forma pauperis status, ECF No. 24.

**I.  BACKGROUND**

At the time Plaintiff commenced this action in December 2020, Plaintiff had not resolved the fees status for the case.  On March 3, 2021, the Court directed Plaintiff to do so within 30 days.  See ECF No. 4.  On April 19, 2021, Plaintiff filed an application for leave to proceed in forma pauperis (IFP).  See ECF No. 6.  A certified copy of Plaintiff's prison trust account statement was provided by the California Department of Corrections and Rehabilitation on April 22, 2021.  See ECF No. 7.  On May 6, 2021, the Court granted Plaintiff's IFP application.  See ECF No. 8.  Plaintiff's complaint was thereafter deemed appropriate for service.

1   See ECF No. 12.  Defendants have responded to the complaint by way of the currently pending

2   motion challenging Plaintiff's IFP status.

3          When Plaintiff was granted IFP status, the Court considered Plaintiff's motion as

4   well as his prison trust account statement.  In his motion, Plaintiff stated that he is incarcerated

5   and unemployed.  See ECF No. 6, pg. 1.  Plaintiff also stated that he had not received income

6   from any source in the 12 months prior to filing his application.  See id.  Plaintiff further stated

7   that he had nothing of value.  See id. at 2.  Plaintiff's prison trust account statement showed no

8   money on deposit as of April 2021.  See ECF No. 7.

9

10                                   **II. DISCUSSION**

11          In the currently pending motion, Defendants first contend that this action should be

12   dismissed in its entirety because Plaintiff submitted a fraudulent IFP application.  Second,

13   Defendants argue that, should the Court not agree that dismissal of the entire action is warranted,

14   Plaintiff's fraudulent IFP application warrants revocation of Plaintiff's IFP status for this case.

15   Finally, Defendants assert that Plaintiff's IFP status should also be revoked under the Prison

16   Litigation Reform Act's "three strikes" provision because he has filed three or more prior actions

17   that have been dismissed for failure to state a claim.

18          The federal IFP statute permits "an indigent litigant to commence a civil . . . action

19   in federal court without paying the administrative costs of proceeding with the lawsuit."  28

20   U.S.C. § 1915; see also Dento v. Hernandez, 504 U.S. 25, 27 (1992).  A case, however, shall be

21   dismissed "at any time if the court determines that the allegation of poverty is untrue."  28 U.S.C.

22   § 1915(e)(2)(A).  "Congress amended the statute in 1996 to substitute the mandatory 'shall' for

23   the permissive 'may' with regard to the court's authority and responsibility to dismiss a case

24   when the plaintiff's allegation of poverty is found to be untrue."  Salat v. Wilson, No. 2:16-cv-

25   03018-APG-PAL, 2017 WL 4269958, at *1 (D. Nev. Sep. 26, 2017) (citing Bell v. Dobbs Int'l

26   Serv., 6 F. Supp. 2d 863, 864 (E.D. Mo. 1998); Oquendo v. Geren, 594 F. Supp. 2d 9, 11 (D.D.C.

27   2009)), report and recommendation adopted, 2017 WL 5615572 (D. Nev. Nov. 21, 2017).

28   "[D]ismissal under § 1915(e)(2)(A) is certainly appropriate where a plaintiff conceals or

                                        2

misrepresents his or her financial assets or history in bad faith to obtain [IFP]." <u>Salat</u>, 2017 WL

4269958, at *2 (quoting <u>Vann v. Comm'r of N.Y. City Dep't of Corr.</u>, 496 F. App'x 113, 115 (2d

Cir. 2012)). "Bad faith in this context includes deliberate concealment of income in order to gain

access to a court without prepayment of filing fees." <u>Id.</u> (quoting <u>Vann</u>, 496 F. App'x at 115).

"To determine whether a plaintiff has acted in bad faith a court may consider a plaintiff's

familiarity with the [IFP] system and history of litigation." <u>Id.</u> (quoting <u>Vann</u>, 496 F. App'x at

115; and citing <u>Thomas v. Gen'l Motors Acceptance Corp.</u>, 288 F.3d 305, 306-07 (7th Cir. 2002);

<u>Mathis v. N.Y. Life Ins. Co.</u>, 133 F.3d 546, 547-48 (7th Cir. 1998) (per curiam)).

Defendants' motion is based on testimony Plaintiff provided at his deposition in

another matter, <u>Howell v. Villareal, et al.</u>, 1:19-CV-01178-NONE-EPG-P.  <u>See</u> ECF No. 24-1,

pgs. 9-12.  A copy of the deposition transcript has been lodged with the Court.  According to

Defendants:

> On August 28, 2021, Plaintiff was deposed in another civil rights lawsuit that he has pending in this District, *Kareem J. Howell v. S. Villareal, et al.*, No. 1:19-cv-01178-NONE-EPG (E.D. Cal.). (Glantz Decl. ¶ 2; Glantz Decl. Exh. A.) During that deposition, Plaintiff testified under oath that he has accounts outside CDCR with balances totaling $200,000 to $300,000. (Glantz Decl. ¶ 3; Glantz Decl. Exh. A (Howell Depo. Tr. at 69:17-70:7).) Plaintiff testified that he purposely hides this money from CDCR in accounts managed by others because of "rules and regulations." (Glantz Decl. Exh. A (Howell Depo. Tr. at 69:23-70:2, 71:19-25).) Plaintiff testified that he earned this money through the sale of books that he authored while in prison, much of it from a book he sold in 2013. (*Id.* (Howell Depo. Tr. at 69:13-70:7, 71:5-8, 84:13-85:19).) When pressed for further details regarding the money, including its location in accounts and who manages it for him, Plaintiff refused to respond. (*Id.* (Howell Depo. Tr. At 69:24-71:11; 72:1-8).) Plaintiff subsequently confirmed that he had no changes or alterations to his deposition testimony. (Glantz Decl. Exh. B.) Those funds are not reflected on the inmate trust account statement submitted to the Court for Plaintiff. (*See* ECF No. 7.)
>
> * * *
>
> Indeed, Plaintiff specifically testified that he purposely arranges his finances to evade CDCR, and then refused to respond to further questions on the subject. (Glantz Decl. ¶ 3; Glantz Exh. A (Howell Depo. Tr. at 69:21-70:9, 71:9-11; 72:1-9).)
>
> ECF No. 24-1, pgs. 9-10.

///

3

1    Defendants argue that the action should be dismissed with prejudice as an

2    appropriate sanction.  See id. at 11.

3        Under 28 U.S.C. § 1915(e)(2)(A), dismissal is required if the Court determines the

4    allegation of indigency is untrue.  The Court so finds here.  More specifically, a review of the

5    transcript of Plaintiff's deposition reflects that Plaintiff had $200,000.00 to 300,000.00 in

6    available funds from book sales in 2013.  Plaintiff did not, however, reveal the existence of these

7    assets when he sought IFP status in this case in April 2021.  Plaintiff's deposition testimony

8    further reflects that he intentionally conceals these funds.

9        The Court also finds that dismissal with prejudice is the appropriate sanction.

10   "[C]ourts routinely dismiss with prejudice cases upon finding that the plaintiff has intentionally

11   withheld information that may have disqualified plaintiff from obtaining IFP status or has

12   otherwise manipulated his finances to make it appear that a plaintiff is poorer than he actually is."

13   Witkin v. Lee, 2020 WL 2512383, at *3 (E.D. Cal. May 15, 2020), report and recommendation

14   adopted, 2020 WL 4350094 (E.D. Cal. 2020).  Indeed, dismissal with prejudice may be "the only

15   feasible sanction for [such a] perjury designed to defraud the government," as "[d]ismissal

16   without prejudice would [be] no sanction at all, unless perchance the statute of limitations had run

17   in the interim. . . ." Thomas, 288 F.3d at 306-07.

18       In this case, it is clear Plaintiff has attempted to defraud the Court by concealing

19   assets in order to be granted IFP status.  In the face of such conduct, the action should be

20   dismissed with prejudice.  Plaintiff's declaration in opposition to Defendants' current motion, in

21   which Plaintiff essentially recants his prior sworn deposition testimony, is unavailing.  The Court

22   accepts the prior sworn testimony indicating that, at the time he sought IFP status in this case in

23   April 2021, Plaintiff had significant funds available from book sales in 2013.

24       The Court is also unpersuaded by Plaintiff's argument, set forth in his opposition

25   brief, that any funds from book proceeds are controlled by family members and, thus, were not

26   directly available to him such that he was not required to list such funds on his IFP application.

27   "In a good number of cases finding bad faith, prisoner-plaintiffs have diverted funds in the period

28   leading up to their IFP application to others, usually family members." Witkin, 2020 WL

4

2512383, at *4, <u>report and recommendation adopted</u>, 2020 WL 4350094 (E.D. Cal. 2020).  In particular, "[i]n assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'" <u>Fridman v. City of New York</u>, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (quoting <u>Williams v. Spencer</u>, 455 F. Supp. 205, 208-09 (D. Md. 1978)).  Here, the Court should have been made aware of the funds available to Plaintiff through family members who controlled the proceeds from sales of Plaintiff's books.  Plaintiff's failure to make any mention of these funds, whether directly controlled by Plaintiff or not, constituted a deception on the Court.

Given that the action must be dismissed under § 1915(e)(2)(A), it is unnecessary to consider whether Plaintiff's IFP status should be revoked based on prior "strikes."

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants' motion to dismiss, ECF No. 24, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 7, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

5